IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANE DOE 1, JANE DOE 2, JANE DOE 3,

        *Plaintiffs*,

v.

GREGG GARNER, et al.

        *Defendants*.

Case No. 3:26-cv-00231

District Judge Crenshaw
Magistrate Judge Frensley

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiffs JANE DOES 1-3, through their undersigned attorneys, submit this Memorandum of Law in Support of Their Motion to Proceed Under Pseudonym and respectfully request that this Court permit Plaintiffs to protect their true identities from public disclosure in this action. Plaintiffs' factual allegations involve extremely intimate details of sexual assault, rape, and drugging committed by Defendant Gregg Garner, who served as their pastor, employer, and spiritual leader. Public disclosure of these allegations would cause severe humiliation, emotional distress, and risk retaliatory harm to Plaintiffs and their families. Proceeding under pseudonym will safeguard Plaintiffs' privacy and wellbeing without prejudicing Defendants, who already know Plaintiffs' identities through their direct relationships and will be able to use Plaintiffs' names during discovery under a protective order.

**FACTUAL BACKGROUND**

This action arises from the sexual victimization of Plaintiffs JANE DOES 1-3, who were sexually abused and assaulted by Defendant Gregg Garner, the founder, lead pastor, and CEO of Global Outreach Developments International (G.O.D.). Plaintiffs allege that Defendants engaged in sex trafficking, forced labor, and sexual harassment spanning 2022 through 2025, involving

1

extremely intimate details of rape, sexual assault, and coerced sexual acts.

The Complaint details forced sexual intercourse, groping, genital exposure, drug-facilitated assault, and intimate image exchanges—information of the utmost intimacy. Defendant Garner groomed Plaintiffs over decades while serving simultaneously as their pastor, teacher, employer, and marriage counselor, creating comprehensive control over every aspect of their lives including employment, housing, children's education, and spiritual community.

Plaintiffs have well-founded fears for their physical and mental safety, and Plaintiffs fear retaliation given their tight-knit religious community, family involvement with the church, and children's education at Defendant's school.

All Defendants are aware of Plaintiffs' true identities through their direct relationships as Plaintiffs' pastor, employer, and spiritual leader, which is relevant to the prejudice analysis. This Motion is filed contemporaneously with Plaintiffs' Complaint.

## LEGAL STANDARD

The Federal Rules of Civil Procedure state that "the title of the complaint must name all the parties" and "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a) & 17(a)(1). Even so, courts "approve[] of litigating under a pseudonym in certain circumstances" to protect plaintiffs appearing in federal court. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008); see also *Doe v. Bolton*, 410 U.S. 179 (1973) (hearing case with pseudonymous plaintiff without criticism). "[T]he decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court." *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n. 2 (3d Cir. 2008).

To proceed anonymously, a plaintiff must demonstrate that her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558,

2

560 (6th Cir. 2004). In *Porter*, the Sixth Circuit identified four non-exhaustive factors courts may consider in determining whether a party's interest in anonymity outweighs the presumption of open proceedings:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
>
> (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.*

As set forth below, courts also consider additional factors, and no one factor is dispositive. *See Doe v. University of Pittsburgh*, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018).

## ARGUMENT

### I. THE *PORTER* FACTORS WEIGH HEAVILY IN FAVOR OF GRANTING PLAINTIFFS' MOTION

#### A. Plaintiffs' Suit Reveals Information "Of The Utmost Intimacy"

There can be no dispute that the second *Porter* factor—whether the suit reveals information "of the utmost intimacy"—applies here. The Complaint describes forced sexual intercourse, rape without condoms, drug-facilitated sexual assault, genital exposure, forced oral sex, groping, and intimate image exchanges spanning 2022 through 2025. These are the most traumatic and deeply personal experiences of Plaintiffs' lives, perpetrated by a person who held comprehensive authority over them as pastor, employer, spiritual leader, and in some cases, marriage counselor.

Courts have consistently recognized that complaints making allegations of sexual assault expose plaintiffs to undue humiliation and embarrassment, constituting a proper basis for granting

3

Case 3:26-cv-00231    Document 7    Filed 03/02/26    Page 3 of 8 PageID #: 64

protective orders allowing plaintiffs to use pseudonyms. *Roe v. St. Louis Univ.*, No. 08-cv-1474-JCH, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (allowing use of pseudonym because rape is a "personal matter of the utmost intimacy"); *E.E.O.C. v. Spoa, LLC*, No. CCB-13-1615, 2013 WL 5634337, at *3-4 (D. Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter").

Federal courts generally allow a plaintiff to litigate under a pseudonym where there are allegations of sexual assault because these cases concern highly sensitive and personal subjects. *See Doe v. De Amigos, LLC*, No. 11-cv-1755, at *5 (D.D.C. Apr. 30, 2012); see also *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses.").

Here, forcing Plaintiffs to reveal their identities would add to the extreme emotional and psychological harm they have already endured. Public disclosure of these intimate details would cause severe humiliation and is not necessary to vindicate Plaintiffs' rights where Defendants already know their identities.

**B. Two Plaintiffs Were Minors When Grooming Began**

The fourth *Porter* factor supports anonymity where plaintiffs are children. While Plaintiffs are adults now, two were minors when Defendant Garner began grooming them: Jane Doe 1 was 15 years old when she met Garner in 1999, and Jane Doe 3 was 17 years old when she met him in 2008. This heightened vulnerability during the formative grooming phase, combined with the decades-long exploitation that followed, amplifies the need for privacy protection. The systematic grooming of minors in positions of trust demonstrates the predatory nature of Defendant's conduct and the vulnerability of Plaintiffs throughout their relationships with him.

## II. ADDITIONAL FACTORS STRONGLY SUPPORT ANONYMITY

Beyond the *Porter* factors, courts consider additional circumstances in determining whether to grant plaintiffs anonymity, all of which apply here:

(1) the risk of retaliatory physical or mental harm to innocent non-parties; (2) the extent to which the identity of the litigant has been kept confidential; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) the undesirability of an outcome adverse to the pseudonymous party and attributable to the party's refusal to pursue the case at the price of being publicly identified; (5) whether the motivations of the party seeking to [proceed] pseudonymously, or those opposing the use of a pseudonym, are illegitimate; (6) risk of injury to plaintiff if identified; (7) possible prejudice of defendant by plaintiff's use of a pseudonym; and (8) whether less drastic means of preserving the plaintiff's interests are available.

*See Roe v. Bernabei & Wachtel PLLC,* 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (quoting *Nat'l Ass'n of Waterfront Employers v. Chao,* 587 F. Supp. 2d 90, 99 (D.D.C. 2008)); *Doe v. Oshrin,* 299 F.R.D. 100, 103 (D.N.J. 2014); *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. 1981)*; Doe v. Shakur,* 164 F.R.D. 359, 361 (S.D.N.Y. 1996); *Doe v. Ind. Black Expo, Inc.,* 923 F. Supp. 137, 140 (S.D. Ind. 1996).

### A. Risk Of Retaliatory Physical And Mental Harm

Plaintiffs have substantial, well-founded fears of retaliation. After Plaintiffs came forward in October 2025, Defendant Garner sent one Plaintiff 21 messages and 10 calls within 25 minutes in a harassment campaign designed to intimidate her into silence. Garner then engaged in a reputation-smearing campaign, telling community members false stories that the women came on to him and were emotionally attached—statements designed to discredit victims and maintain

community support for himself.

Garner ordered one Plaintiff to delete her entire Signal account, destroying evidence of the sexual relationship, and scripted false testimony for her to provide to church leadership and her husband. Plaintiffs fear that public identification will result in further harassment, witness intimidation, and retaliation through the tight-knit religious community where Garner maintains influence.

Additionally, Garner remains present in Plaintiffs' neighborhood, creating ongoing safety concerns. Plaintiffs' children attend or have attended Defendant's school, and their families remain embedded in the community, making them vulnerable to social retaliation, shunning, and harassment if their identities become public.

## B. Public Interest In Protecting Sexual Assault Victims' Identities

There is a "'strong [public] interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.'" *De Amigos*, No. 11-cv-1755, at *6 (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-96 (E.D.N.Y. 2006)). This is especially true here where there are likely additional victims of Defendant Garner's systematic sexual abuse who have yet to report his crimes and fear retaliation. Protecting Plaintiffs' identities will also protect their innocent family members who may be targets of retaliation and will encourage additional victims to come forward.

The strongest public interest lies in preventing the stigmatization of victims of sexual violence and allowing them to vindicate their rights. *See Oshrin*, 299 F.R.D. at 104; *Kolko*, 242 F.R.D. at 195-96. Denying pseudonym protection here would have a chilling effect on other sexual abuse victims in religious settings coming forward to seek justice.

## C. No Prejudice To Defendants

Defendants will not be prejudiced by granting Plaintiffs' request to proceed by pseudonym. This motion is not sought "to impair defendant's ability to defend [itself], to delay the litigation or to increase the costs to defendant." *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 469 (E.D. Pa. 1997).

Critically, Defendants already know Plaintiffs' true identities through their direct, years-long relationships spanning employment, spiritual leadership, and personal counseling. Defendants may use Plaintiffs' real names in discovery under a protective order, ensuring they are not prejudiced in their ability to defend this case. The parties can enter into a protective order that ensures Defendants have full access to information necessary for their defense while protecting Plaintiffs from public identification.

**D. No Less Drastic Means Are Available**

There are no less drastic means of protecting Plaintiffs' confidentiality and dignity here. Once Plaintiffs' names are placed in the public record through court filings, the harm cannot be undone. Redaction of documents after filing or sealing of certain materials would be insufficient to protect Plaintiffs' identities given the small, tight-knit nature of the religious community involved and the public interest in this case.

Pseudonym use from the outset is the only effective means of protecting Plaintiffs while allowing them to pursue their claims.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Proceed Under Pseudonym and enter an Order: (a) permitting Plaintiffs to proceed in this action under pseudonyms "Jane Doe 1," "Jane Doe 2," and "Jane Doe 3"; (b) barring disclosure of Plaintiffs' true names or other information that identifies them or their family members, directly or

indirectly; (c) requiring that any documents containing such identifying information be filed under seal or with appropriate redactions; and (d) permitting Defendants to use Plaintiffs' real names in discovery pursuant to the terms of a protective order to ensure Defendants are not prejudiced in their ability to defend this case.

Dated: March 2, 2026

Respectfully submitted,

*/s/ Heather Moore Collins*
Heather Moore Collins BPR # 026099
**HMC Civil Rights Law PLLC**
302 Peachtree Street
Nashville, TN 37210
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com

*-- and --*

*/s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones CABN # 281715
(*Pro Hac Vice* Forthcoming)
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
(510) 500-9634
vanessa@advocatesforsurvivors.com

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via the Court's CM/ECF filing system on March 2, 2026, and will be mailed with the complaint and summons to each Defendant's registered agent for service of process.

*/s/ Heather Moore Collins*
Heather Moore Collins