# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, and JANE DOE 3<br>  Plaintiffs,<br><br>v.<br><br>GREGG GARNER, an individual, GLOBAL OUTREACH DEVELOPMENTS INTERNATIONAL (G.O.D), a nonprofit corporation, INSTITUTE FOR G.O.D. INTERNATIONAL, a nonprofit corporation, THE CHURCH COMMUNITY FOR G.O.D., a nonprofit corporation, and DOES 5-20, inclusive,<br>  Defendants. | Case No. 3:26-cv-00231<br><br>Judge Crenshaw<br><br>Magistrate Judge Frensley |

## MOTION TO SEAL COMPLAINT PENDING INITIAL MERITS REVIEW AND MEMORANDUM IN SUPPORT

Defendant Gregg Garner, by and through the undersigned counsel, respectfully moves this Court for an Order sealing the Complaint in this case, (Doc. 1) and requiring that Plaintiffs' response to the Mr. Garner's forthcoming Rule 12(b)(6) motion be filed under seal to enable Mr. Garner to test the sufficiency of the Complaint under Rule 12(b)(6). Mr. Garner is being accused of engaging in "commercial sex acts" with Jane Does 1-3, as well as "peonage/slavery" of Jane Does 1-3 based on defamatory allegations that fail to state a claim under the statutes cited.

This motion is supported by (i) the Sixth Circuit's "strong presumption of openness" and the "compelling reasons / narrow tailoring / document-by-document" standard, (ii) the Sixth Circuit's recognition that court records may not be used "to gratify private spite or promote public

1

scandal" or as "reservoirs of libelous statements for press consumption," *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983)(quoting *Nixon v. Warner Communications,* 435 U.S. 589, 598 (1973)) and (iii) specific evidence that the Complaint is already being disseminated outside the courthouse as part of a coordinated smear campaign by persons with a direct business interest adverse to Mr. Garner (including the son of Mr. Garner's business partner, Jeff Sherrod) in ongoing related litigation.

Plaintiffs themselves emphasize that their filing contains allegations "of the utmost intimacy," including rape and drug-facilitated sexual assault, and they request that documents containing identifying information be "filed under seal or with appropriate redactions." Those concessions support the least restrictive remedy requested here: sealing the unredacted Complaint and filing a public redacted Complaint that preserves public understanding of the claims without enabling further scandal-driven dissemination.

Defendant requests expedited consideration of this motion.

**MEMORANDUM IN SUPPORT**

### I. Introduction

This case has already moved beyond the courthouse into a coordinated extrajudicial pressure campaign. Within days of filing, individuals involved in a direct business dispute against Mr. Garner—most notably Jeff Sherrod, whose father is in active litigation with Mr. Garner—"learned about the lawsuit" from an unknown source and then sent (or caused to be sent) multiple mass emails to (i) parents affiliated with the school/academy and (ii) the church congregation, invoking the federal allegations to inflame recipients and damage Mr. Garner's reputation.

The Complaint is thus being used as a weapon for "private spite" and "public scandal," not merely as a pleading to be adjudicated.

This motion does not ask the Court to decide the merits of Plaintiffs' claims at the sealing stage. But the Court can—and should—exercise its supervisory power to prevent its files from being used as a tool for scandal and libel, and to protect third parties (including families and children within a tight-knit school/church community) from harassment and retaliation while the Court conducts its initial merits review.

## II. Legal standard.

The Sixth Circuit recognizes a "strong presumption in favor of openness" of judicial records, and "[o]nly the most compelling reasons can justify non-disclosure." The proponent must show the "most compelling reasons" to do so.

TNMD Local Rule 5.03 likewise requires any sealing motion—even unopposed—to demonstrate compelling reasons and narrow tailoring through a detailed, document-by-document analysis.

However, "[i]t is well established that this Court, as every other court, 'has supervisory power over its own records and files.'" *Nixon,* 435 U.S. at 598. The Sixth Circuit also expressly recognizes that court records may be restricted to ensure they are not "used to gratify private spite or promote public scandal" and that courts may refuse to allow their files to serve as "reservoirs of libelous statements for press consumption." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983)(quoting *Nixon v. Warner Communications,* 435 U.S. 589, 598 (1973))

In *Franklin v. Curtin,* the Eastern District Court in Michigan stated the standard this way:

> "Certainly, the Court has the discretion to limit this access in extraordinary cases, such as when those seeking access intend to "gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case," or use court "files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know. But . . . the decision as to

3

Case 3:26-cv-00231     Document 15     Filed 03/06/26     Page 3 of 12 PageID #: 108

when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *Knoxville News-Sentinel*, 723 F.2d at 474.

*Franklin v. Curtin*, No. 07-10548, 2011 LX 41854, at *4 (E.D. Mich. June 24, 2011)

Finally, Fed. R. Civ. P. 5.2 authorizes courts to order filings under seal and, for good cause, to limit nonparty remote electronic access to particular documents.

### III. Argument

**A. Compelling reasons exist because the Complaint is being used for improper purposes—private spite, public scandal, and dissemination of libel**

This is not a speculative concern. The Complaint has become an instrument of coordinated dissemination by persons with ongoing disputes and litigation interests against Mr. Garner. Specifically, Jeff Sherrod (the son of a business partner in active litigation with Mr. Garner) and others acting in concert with him, have circulated, or caused to be circulated, mass emails to (a) parents of the school/academy and (b) members of the church congregation.

This is not a generalized "reputation harm" argument; it is a concrete showing that the Complaint is being used outside the courthouse as a pressure weapon— to gratify spite, promote scandal, or serve as reservoirs of libel— exactly the kind of misuse recognized in *Knoxville News-Sentinel* as a basis for restricting access.

The following screenshots are of emails sent out to the congregation on March 3, 2026, before the summonses have even been served or returned:






G.O.D. International is also coordinating with media outlets like "Ministry Watch," and has been providing statements to them:

**B. Compelling reasons also exist because the Complaint contains allegations "of the utmost intimacy," and Plaintiffs concede the privacy stakes**

Although Plaintiffs and their counsel repeatedly deploy inflammatory labels—e.g., "rape," "sexual assault," "forced oral sex," and "intimate image exchanges"—the Court is not bound by conclusory characterizations or legal labels. At the Rule 12 stage, which is forthcoming, the Court evaluates whether the *well-pleaded factual allegations* plausibly establish the elements of any claim; "[t]hreadbare recitals" and conclusory labels do not suffice. Here, many of the asserted "assault/rape" descriptors are pleaded as conclusions, while the underlying factual narrative is largely framed in terms of adult relationships, alleged "coercion," and after-the-fact characterizations—without allegations of physical force, violence, physical restraint, or other facts that would plausibly transform a consensual adult tryst into "rape" or "sexual assault" as a matter of law. To be clear, Defendant disputes Plaintiffs' characterizations and will move promptly to test these allegations under Rule 12(b)(6).

**Nonetheless, Plaintiffs themselves emphasize—and ask the Court to credit for purposes of anonymity—that the Complaint traffics in exactly these sensational labels and intimate subject matter.** In their Memorandum in Support of proceeding under pseudonym, Plaintiffs represent that the pleading contains "extremely intimate details" and specifically describes sexual assault/rape and drugging, and they argue that public disclosure would cause "severe humiliation" and emotional distress and risk retaliatory harm.

Plaintiffs further assert that the Complaint describes matters they label as forced intercourse, drug-facilitated sexual assault, genital exposure, and intimate-image conduct—i.e., "information of the utmost intimacy"—and they invoke the tight-knit church/school community as an amplifier of harm.

Those admissions support sealing the Complaint at least temporarily to prevent it's explicit sexual content and any details that would unnecessarily expose participants and third parties—including families and school-age children in this close community—to harassment and retaliatory fallout. Indeed, Plaintiffs expressly request that documents containing identifying information be "filed under seal or with appropriate redactions."

The Court may protect the "privacy rights of participants or third parties" as a recognized countervailing interest under Sixth Circuit law, particularly where the record shows the Complaint is already being circulated for extrajudicial purposes. Because the Complaint is being disseminated to inflame the community before any judicial merits review, sealing is warranted at least pending resolution of the forthcoming Rule 12 motion.

**C.      The coordinated dissemination in a tight-knit school/church community increases the risk of harassment of third parties and supports temporary restriction while the Court conducts initial merits review**

Plaintiffs themselves contend this is a "tight-knit religious community" involving "children's education at Defendant's school," and they contend public identification will trigger "retaliation, shunning, and harassment."

Defendant's evidence shows this is already happening in reverse—by dissemination of the Complaint to parents and congregants to inflame the community against Mr. Garner. That places innocent third parties (including families and children) in the blast radius and supports restricting public access to the document most likely to be used as an inflammatory pamphlet: the Complaint.

**D. Narrow tailoring: the Court can preserve public access while preventing scandal-driven dissemination**

Defendant is not requesting a permanent secret docket. The requested relief is time-limited and targeted: seal the Complaint pending initial Rule 12 review and then allow the parties to move to unseal (in whole or part) after the Court determines what claims, if any, proceed. This is a narrow, judicially manageable mechanism to prevent immediate and irreparable weaponization of the Court's file before the Court has had any opportunity to test the sufficiency of Plaintiffs' extreme statutory allegations under Rule 12(b)(6).

This approach is consistent with Plaintiffs' own position that (i) the allegations are of the utmost intimacy, (ii) disclosure creates irreparable harm, and (iii) certain information should be filed under seal or with appropriate redactions.

LR 5.03(e) requires a redacted version "if practicable," and if not, the movant must affirmatively state why it is impracticable. Here, a redacted complaint is impracticable and inadequate for two independent reasons supported by the record:

- First, Plaintiffs themselves argue that "redaction … after filing or sealing of certain materials would be insufficient" in this small, tight-knit community. (Doc. 7 at PageID# 68).
- Second, the harm Defendant seeks to prevent is not limited to a few identifiers. The Complaint's sensational statutory labels and narrative are what are being circulated as a public-relations weapon; a partially redacted version would still function as an inflammatory pamphlet and would still drive "public scandal" and community harassment while the merits remain untested.

Accordingly, sealing the Complaint in full, temporarily, is the least restrictive measure that actually addresses the demonstrated misuse.

E. **The Court may also consider that the Complaint uses inflammatory labels untethered to well-pleaded statutory elements**

Defendant does not ask the Court to adjudicate the merits here. But where the Complaint is being exploited outside the courthouse through coordinated mass dissemination, and where Defendants will promptly present threshold legal challenges to the federal trafficking theories, a brief temporary restriction is a modest, narrowly tailored measure that prevents irreversible scandal-driven dissemination before the Court can determine what, if any, claims proceed.

Defendant anticipates filing a Rule 12(b)(6) motion challenging the legal sufficiency of the pleaded TVPA/forced-labor theories and the federal nexus. Plaintiffs' response will necessarily quote, amplify, and repackage the sealed allegations—potentially in even more inflammatory terms—for the very audiences already shown to be weaponizing the litigation through mass emails.

For the same reasons that justify sealing the Complaint—and to avoid an end run around the seal—the Court should order that **Plaintiffs' response to any Rule 12 motion (and any exhibits that substantively discuss the sealed allegations) must be filed under seal** pending the Court's Rule 12 adjudication. This request is narrowly tailored: it targets only merits briefing that would otherwise re-publish the sealed allegations to the public record at the most volatile stage of the case.

IV. **Procedure for later motions to unseal and for addressing pseudonyms**

Defendant requests that the Court set a simple post-Rule 12 process:

1. After the Court rules on the initial Rule 12 motion, if any claim remains, either party may move to unseal the Complaint (in whole or in part) and/or related merits filings;

2. Any motion to unseal should identify the specific portions sought to be unsealed and explain why unsealing is appropriate in light of the Court's Rule 12 rulings and the demonstrated misuse issues; and

3. At that same stage, the Court can adjudicate Plaintiffs' pseudonym request and Defendant's opposition. Defendant's position will be that if the case is unsealed in any meaningful way, Plaintiffs should not be permitted to proceed anonymously while Mr. Garner is publicly accused and subjected to coordinated smear tactics; anonymity should not be used as a one-way shield in a case being weaponized outside the courthouse.

**V.    Requested relief**

Defendant respectfully requests an order that:

1. Grants leave to file the Complaint (Doc. 1) under seal and directs the Clerk to restrict public access to that filing;

2. Orders that Plaintiffs' response to any Rule 12 motion (and any exhibits materially discussing the sealed allegations) be filed under seal pending Rule 12 adjudication;

3. Allows Defendant's Rule 12 motion and any reply (to the extent they quote the sealed Complaint) to be filed under seal as well;

4. Holds Plaintiffs' pseudonym motion in abeyance (or defers final ruling) until the Court resolves initial Rule 12 issues and the parties have an opportunity to litigate unsealing; and

5. Sets a schedule for motions to unseal following the Court's Rule 12 ruling(s).

Respectfully submitted,

*/s/ Bryant Kroll*
Bryant Kroll (#33394)
The Law Office of Bryant Kroll
P.O. Box 219,
Pegram, TN 37143
Bryant@BryantKroll.com
Office: (615) 994-1837

*/s/ James W. Cobb*
James W. Cobb (#033248)
Cobb Law Group
131 Walton Ferry Road
Suite 11
Hendersonville, TN 37075
James@CobbLawTn.com
Office: (615) 649-0049

*Attorneys for Defendant Gregg Garner*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following via this Court's electronic CM/ECF filing system:

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard
No. 413
Oakland, CA 94602
*Attorney for Plaintiffs*

Heather M. Collins
HMC Civil Rights Law, PLLC
302 Peachtree Street
Nashville, TN 37210
*Attorney for Plaintiffs*

This 6th Day of March, 2026

*/s/ Bryant Kroll*
Bryant Kroll (#33394)