IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, and JANE DOE 3<br>   Plaintiffs,<br><br>v.<br><br><br>GREGG GARNER, an individual,<br>GLOBAL OUTREACH<br>DEVELOPMENTS INTERNATIONAL<br>(G.O.D), a nonprofit corporation,<br>INSTITUTE FOR G.O.D.<br>INTERNATIONAL, a nonprofit<br>corporation,<br>THE CHURCH COMMUNITY FOR<br>G.O.D., a nonprofit corporation, and<br>DOES 5-20, inclusive,<br><br>Defendants. | Case No. 3:26-cv-00231<br><br>Judge Crenshaw<br><br>Magistrate Judge Frensley |

## PROPOSED ORDER GRANTING DEFENDANT GREGG GARNER'S MOTION TO SEAL COMPLAINT PENDING INITIAL MERITS REVIEW

Upon Defendant Gregg Garner's Motion for Leave to File the Complaint Under Seal and to Require Merits Briefing to Be Filed Under Seal Pending Initial Rule 12 Review, and for good cause shown, the Court FINDS:

1. The Court recognizes the strong presumption of public access to judicial records and the Sixth Circuit's requirement that sealing may be ordered only upon a showing of compelling reasons and narrow tailoring. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich*., 825 F.3d 299 (6th Cir. 2016); *In re Knoxville News-Sentinel Co*., 723 F.2d 470 (6th Cir. 1983), and Local Rule 5.03;

2. The Court further recognizes that it has supervisory power over its own records and files. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The Sixth Circuit has likewise recognized that court records may be restricted to ensure they are not "used to gratify private spite or promote public scandal," and that courts may refuse to allow their files to serve as "reservoirs of libelous statements for press consumption." *In re Knoxville News-Sentinel Co.*, 723 F.2d at 474 (quoting *Nixon*, 435 U.S. at 598). Courts have described the same principle as permitting limits on access in extraordinary cases where those seeking access intend to gratify private spite or promote public scandal through publication of painful details, or to use court files as reservoirs of libelous statements. *See, e.g., Franklin v. Curtin*, No. 07-10548, 2011 LEXIS 41854 at *4(E.D.Mich. June 24, 2011).

Having considered the motion, the supporting materials, and the applicable law, the Court **FINDS** as follows:

1. **Compelling interest.** Defendant has identified interests supporting nondisclosure that are compelling in light of the record presented, including (a) the asserted misuse of the pleading and merits allegations for extrajudicial dissemination and scandal-driven purposes within a small, high-contact community, and (b) the privacy interests implicated and nature of the allegations and the risk of collateral harm to participants and third parties.

2. **Public interest.** The Court has weighed the public's interest in access and concludes that, at this preliminary stage and for the limited purpose described below, the interests supporting nondisclosure outweigh the public interest in immediate access to the specified materials.

3. **Narrow tailoring / limited duration.** The relief ordered below is narrowly tailored to the specific materials most likely to republish and amplify the sensitive and disputed

allegations before the Court has had an opportunity to conduct initial Rule 12 review. The sealing ordered herein is narrowly tailored because it is temporary and limited to the Complaint and merits briefing that would republish the sealed allegations, pending the Court's initial Rule 12 review the Court will revisit the scope of sealing upon timely motion after resolution of the initial Rule 12 motion(s), consistent with Local Rule 5.03 and Sixth Circuit law.

4. A redacted public version of the Complaint is impracticable and inadequate in this posture for the reasons stated in Defendant's Motion and Memorandum.

Accordingly, it is ORDERED:

A. The Complaint (Doc. 1) shall be maintained UNDER SEAL pending further order of the Court.

B. Any merits briefing that substantively quotes, paraphrases, or relies on the sealed allegations—including Plaintiffs' response to any Rule 12 motion and supporting exhibits—shall be filed UNDER SEAL pending the Court's resolution of the initial Rule 12 motion(s).

C. Within 14 days after the Court's resolution of the initial Rule 12 motion(s), either party may move to unseal in whole or in part. Any such motion must comply with LR 5.03(c).

D. Plaintiffs' Motion to Proceed Under Pseudonym (Doc. 6) is HELD IN ABEYANCE pending further order of the Court, without prejudice to renewal or further briefing at the time of any motion to unseal.

IT IS SO ORDERED.

_____
JUDGE