IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANE DOE 1, JANE DOE 2, JANE DOE 3,

    *Plaintiffs*,

v.

GREGG GARNER, et al.

    *Defendants*.

Case no. 3:26-cv-00231

District Judge Crenshaw
Magistrate Judge Frensley

**PLAINTIFFS' RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO SEAL COMPLAINT**

    Plaintiffs Jane Doe 1, Jane Doe 2, and Jane Doe 3, through undersigned counsel, respectfully oppose Defendant Gregg Garner's Emergency Motion to Seal Complaint (Doc. 15). Garner asks this Court to take the extraordinary step of sealing the entire Complaint in this federal civil rights action, a pleading alleging sex trafficking and forced labor under federal law, and to extend that seal to encompass all merits briefing on a forthcoming Rule 12 motion. The motion should be denied. It fails to satisfy the Sixth Circuit's demanding standard for sealing judicial records, fails to satisfy the procedural requirements of Local Rule 5.03, mischaracterizes the communications of Garner's own co-defendants as a "smear campaign," and improperly seeks to weaponize the Court's supervisory authority to suppress a legitimately filed complaint that is squarely in the public interest.

**I. THE LEGAL STANDARD GARNER MUST MEET IS EXACTING—AND HE FALLS FAR SHORT**

    "The public has a strong interest in obtaining the information contained in the court record[,]" and there is "a 'strong presumption'" that court records be open. *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (alteration omitted) (quoting *Brown*

1

*& Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179-80 (6th Cir. 1983)). This presumption of openness rests on the idea that, among other things, "the public is entitled to assess for itself the merits of judicial decisions" and has a strong interest in viewing the evidence and arguments on which courts base those decisions. *Id.* Thus, "[o]nly the most compelling reasons can justify nondisclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

Garner correctly recites that the Sixth Circuit recognizes a "strong presumption in favor of openness" of judicial records, and that "[o]nly the most compelling reasons can justify non-disclosure." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). He then fails to satisfy that standard. The "compelling reasons" threshold is intentionally high, and courts applying it have consistently refused to seal complaints, the foundational pleading in a civil action, merely because a defendant finds the allegations embarrassing or believes they will be disseminated publicly. The complaint is presumptively available to the public, and Garner bears the burden of demonstrating document-by-document why the most compelling reasons justify non-disclosure. He has not done so and his personal embarrassment over his actions does not satisfy his burden.

## II. GARNER'S MOTION FAILS TO SATISFY THE PROCEDURAL REQUIREMENTS OF LOCAL RULE 5.03

Garner's motion is independently deficient under the Local Rules of this Court and should be denied on procedural grounds alone. TNMD Local Rule 5.03 requires that any motion to seal, even an unopposed one, include a "detailed, document-by-document analysis" demonstrating compelling reasons and narrow tailoring for each item sought to be sealed. Garner recites this standard in his own brief yet conspicuously fails to meet it.

The motion lumps together the entire Complaint—a 47-page pleading encompassing eight separate counts, the factual allegations of three distinct Plaintiffs, extensive statutory citations, and

separate damages allegations and treats it as a single, undifferentiated mass to be sealed in its entirety. Nowhere does Garner perform the particularized analysis the rule demands: he does not identify which specific paragraphs, counts, or factual sections would warrant sealing, explain why the public interest in access is outweighed as to each, or articulate why less restrictive measures, such as targeted redactions, cannot address his stated concerns on a provision-by-provision basis. Instead, he offers a single global rationale (the alleged misuse of the filing by parties other than the Plaintiffs) and applies it wholesale to 47 pages of a federal civil rights complaint.

Garner attempts to preempt this shortcoming by invoking Local Rule 5.03(e)'s requirement that a movant either submit a redacted version or affirmatively explain why redaction is "impracticable." He argues that a partially redacted Complaint would "still function as an inflammatory pamphlet." But this argument proves too much: it is simply Garner's conclusory assertion that no less-drastic alternative is workable, offered without the document-by-document showing the rule requires. The impracticability exception to LR 5.03(e) does not substitute for the underlying obligation to conduct a granular analysis—it is an element within that analysis, not a bypass of it. A bare assertion that redaction is insufficient, untethered to any examination of specific passages, cannot satisfy the rule's mandate.

The document-by-document requirement exists precisely to prevent what Garner attempts here: the wholesale suppression of a public judicial record based on generalized grievances about how it may be used outside the courthouse. Courts in this district consistently deny sealing motions that fail to conduct the required particularized review. *Patterson v. Wayne Halfway House, LLC*, 2022 U.S. Dist. LEXIS 137808 (M.D. Tenn. Aug. 3, 2022)(denying motion to seal "ALL" documents); *Keister v. Metro Nashville Police Dep't*, 2022 U.S. Dist. LEXIS 251063 *2 (M.D. Tenn. Aug. 22, 2022) (denying motion that failed to identify specific documents, the court

3

reiterated the "strong presumption" in favor of openness of court records and held that only the most compelling reasons could justify non-disclosure). Because Garner has not even attempted to comply with Local Rule 5.03, his motion must be denied on this basis in addition to its substantive deficiencies addressed in the sections that follow.

### III. THE COMMUNICATIONS GARNER PRESENTS AS A "SMEAR CAMPAIGN" ARE RESPONSIBLE NOTICES FROM HIS CO-DEFENDANTS

Garner's principal factual basis for sealing is that a coordinated "smear campaign" is underway, driven by Jeff Sherrod and others who allegedly circulated the Complaint to parents and church members for improper purposes. But the very evidence Garner submits exposes this characterization as false.

The emails attached to Garner's motion were sent by Stephen Carver, identified as Church Board President of The Church Community for G.O.D., one of the named Defendants in this action, and by Jeff Sherrod in a leadership capacity. Those communications do not quote, excerpt, or sensationalize the Complaint. They inform their respective communities that a lawsuit has been filed, that a board-commissioned independent investigation is ongoing, and that the organization is cooperating with the legal process. They do not appear to constitute "private spite," "public scandal," or use of the Court's files as "reservoirs of libelous statements." *Knoxville News-Sentinel*, 723 F.2d at 474. Garner cannot transform his co-defendants' institutional disclosures into grounds for censoring a federal complaint.

Notably, the independent investigation referenced in those communications, conducted by GRACE (Godly Response to Abuse in the Christian Environment), was publicly announced by G.O.D. International in November 2025, months before this Complaint was filed. The filing of this lawsuit did not create the public interest in Garner's conduct; his own conduct did.

### IV. THE FACT THAT THE COMPLAINT CONTAINS INTIMATE ALLEGATIONS

**SUPPORTS PLAINTIFFS' PRIVACY-NOT GARNER'S**

Garner argues that because the Complaint contains allegations "of the utmost intimacy," it should be sealed. But the privacy interests in those allegations belong to the survivors of the sexual abuse described therein, not to the Defendant who perpetrated it. Plaintiffs have already addressed their own privacy through a pending Motion to Proceed Under Pseudonym (Doc. 6), which protects their identifying information from public disclosure. Plaintiffs' counsel sought that protection precisely because "redaction of documents after filing or sealing of certain materials would be insufficient" to protect Plaintiffs' identities given the tight-knit community at issue. That motion addresses the legitimate privacy interest at stake here. A wholesale seal of the Complaint is not needed to protect Plaintiffs and Plaintiffs have not requested one.

Garner has no cognizable privacy interest in avoiding public disclosure of his own alleged unlawful conduct. A defendant's reputational interest in avoiding the stigma of well-pleaded allegations is not a "compelling reason" to seal under relevant authority. A litigant's fear of embarrassment or harm to his reputation is simply not sufficient to overcome the strong presumption of public access. *See Jacobs v. Lambda Research, Inc.*, 2012 U.S. Dist. LEXIS 31066, *4 (S.D. Ohio March 8, 2012) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d at 1179). If it were, every defendant in a high-profile civil case could obtain a seal simply by alleging that the plaintiff's complaint is embarrassing and being discussed publicly.

**V. GARNER'S REAL PURPOSE IS TO SUPPRESS THE COMPLAINT PENDING A RULE 12 MOTION-AN UNPRECEDENTED AND IMPROPER USE OF THE SEALING POWER**

Garner is candid that he intends to file a Rule 12(b)(6) motion and believes the Complaint fails to state a claim. He asks the Court to seal the Complaint while that motion is pending so that the merits briefing does not "re-publish" the allegations. This is not a narrowly tailored use of the

Court's supervisory power. It is an attempt to insulate Garner from public accountability for alleged violations of federal law during the period in which he contests the sufficiency of Plaintiffs' pleading. The legal sufficiency of a complaint is entirely distinct from whether the complaint should be filed under seal. Courts test sufficiency through Rule 12 motions; they do not predetermine sufficiency and seal the record in anticipation of a forthcoming legal challenge. Adopting Garner's approach would allow any defendant in a federal trafficking case to seal the complaint on the theory that the allegations might be dismissed—thereby converting the sealing power into a tool for indefinite suppression of public records.

The requested extension of the seal to all Rule 12 briefing, and to any exhibit "materially discussing the sealed allegations," would effectively make this entire proceeding invisible to the public through its most critical early phase. This is not narrow tailoring. It is the suppression of a federal judicial proceeding from public view, precisely at the moment when public oversight is most important.

## VI. THE PUBLIC INTEREST IN OPEN PROCEEDINGS IS ESPECIALLY STRONG IN FEDERAL TRAFFICKING CASES

The Trafficking Victims Protection Act (TVPA) exists as a matter of public law to protect vulnerable individuals from exploitation and to bring perpetrators to account. Congress created a private civil right of action under 18 U.S.C. § 1595 specifically to enable survivors to seek justice in public courts. The public has a particularly strong interest in access to proceedings under these statutes. Sealing the Complaint in a TVPA case would undermine the very transparency Congress contemplated when it created this cause of action and would deter other survivors from coming forward, which is the opposite of the statute's purpose.

Additionally, G.O.D. International is a tax-exempt religious and educational organization with hundreds of congregants, students, and families whose welfare is directly implicated by the

allegations in this Complaint. The public's interest in knowing that a federal court is adjudicating claims that a religious leader engaged in conduct that is alleged to have operated a sex trafficking venture within a church-affiliated institution is not prurience; it is the legitimate oversight function that public judicial proceedings serve.

## VII. GARNER'S REQUEST TO HOLD THE PSEUDONYM MOTION IN ABEYANCE IS IMPROPER AND PREJUDICIAL

Garner requests that the Court defer ruling on Plaintiffs' pending Motion to Proceed Under Pseudonym until after Rule 12 adjudication, explicitly threatening that if the case "proceeds in any meaningful way," Plaintiffs should be stripped of pseudonym protection because Garner is "being publicly accused." This is a transparent attempt to use the threat of forced public identification as leverage against Plaintiffs, victims who endured years of coercive abuse, to chill their prosecution of this case. Plaintiffs' pseudonym motion is fully briefed and ripe for decision. Its resolution on the merits will protect all parties' legitimate interests without suppressing the public record.

## VIII. CONCLUSION

Defendant Garner has not identified compelling reasons, let alone the most compelling reasons, to seal the Complaint in this action merely because he is embarrassed by his own behavior. The communications he characterizes as a "smear campaign" are institutional disclosures by his co-defendants. The privacy interests at stake belong to the Plaintiffs, who are already protected by a pending pseudonym motion. The alleged forthcoming motion testing the legal sufficiency of the Complaint is no basis for sealing it. And the extension of a seal to all Rule 12 briefing would deprive the public of access to a federal proceeding squarely in the public interest. For these reasons, Plaintiffs respectfully request that the Court deny Defendant Garner's Emergency Motion to Seal Complaint in its entirety, grant Plaintiffs' Motion to Proceed Under Pseudonym, and permit this case to proceed in the normal course.

Dated: March 6, 2026                    Respectfully submitted,

/s/ Heather Moore Collins
Heather Moore Collins BPR # 026099
**HMC Civil Rights Law PLLC**
302 Peachtree Street
Nashville, TN 37210
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com

-- and --

/s/ Vanessa Baehr-Jones
Vanessa Baehr-Jones CABN # 281715
(*Pro Hac Vice* Forthcoming)
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
(510) 500-9634
vanessa@advocatesforsurvivors.com

*Attorneys for the Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via the Court's CM/ECF filing system on March 2, 2026, to all counsel of record:

Bryant Kroll (#33394)
The Law Office of Bryant Kroll
P.O. Box 219,
Pegram, TN 37143
Bryant@BryantKroll.com
Office: (615) 994-1837

*- and -*

James W. Cobb (#033248)
Cobb Law Group
131 Walton Ferry Road
Suite 11
Hendersonville, TN 37075
James@CobbLawTn.com
Office: (615) 649-0049

*Attorneys for Defendant Gregg Garner*

                                                */s/ Heather Moore Collins*
                                                Heather Moore Collins