**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE**

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, and JANE DOE 3    ) <br>     Plaintiffs,     ) <br>     ) <br> v.     ) <br>     ) <br>     ) <br> GREGG GARNER, an individual,     ) <br> GLOBAL OUTREACH     ) <br> DEVELOPMENTS INTERNATIONAL     ) <br> (G.O.D), a nonprofit corporation,     ) <br> INSTITUTE FOR G.O.D.     ) <br> INTERNATIONAL, a nonprofit     ) <br> corporation,     ) <br> THE CHURCH COMMUNITY FOR     ) <br> G.O.D., a nonprofit corporation, and     ) <br> DOES 5-20, inclusive,     ) <br>     Defendants.     ) <br>     ) <br>     ) | Case No. 3:26-cv-00231 <br><br> Judge Crenshaw <br><br> Magistrate Judge Frensley |

---

### DEFENDANT GREGG GARNER'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM

---

Defendant Gregg Garner, by counsel, respectfully submits this Response in Opposition to Plaintiffs' Motion to Proceed Under Pseudonym. [Doc. 6]. While the allegations in this case are serious and sensitive, the Federal Rules begin from the opposite premise of the relief Plaintiffs seek: the parties to a civil action are ordinarily named. Fed. R. Civ. P. 10(a). In the Sixth Circuit, anonymity is a narrow exception, not the default, and the party seeking it bears the burden of showing that her privacy interests *substantially outweigh* the presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016). Plaintiffs have not met that burden here.

1

On the face of their own motion and memorandum, only one of the *Porter* factors meaningfully favors anonymity. The remaining factors weigh against it or do not apply at all. And the additional considerations relied upon by Plaintiffs likewise do not justify the extraordinary relief they request, particularly where narrower protective measures are available.

## LEGAL STANDARD

Leave to proceed under pseudonyms is largely left to the discretion of the court. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). There is generally a presumption of open judicial proceedings in the federal courts; proceeding pseudonymously is the exception rather than the rule. Id. Rule 10 of the Federal Rules of Civil Procedure commands that the complaint "*must* name all parties . . ." Fed. R. Civ. P. 10(a)(emphasis added). In order to circumvent this requirement, it must be shown that the need for anonymity *substantially outweighs* the presumption that parties' identities are public information and the risk of unfairness to the opposing parties. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *Doe v. Porter*, 370 F.3d at 560. (emphasis added).

**The *Porter* Factors.**

In balancing these considerations, the court may consider, among other factors:

(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
(2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy;
(3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and
(4) whether the plaintiffs are children.

*Doe v. Porter,* 370 F.3d at 560.

**APPLICATION**

**A.      The First, and Third *Porter* Factors Weigh Against Proceeding With Pseudonyms.**

Plaintiffs' memorandum effectively concedes that the first and third *Porter* factors do not support pseudonymity. Although Plaintiffs recite all four *Porter* factors in their legal standard, their argument section makes no attempt to show that this case involves a challenge to governmental activity or that this litigation will compel any Plaintiff to disclose an intention to violate the law.  It is important to note that the fact that the first and third factors do not apply factors into the Court's analysis and actually *weigh against* proceeding with a pseudonym.  This was the ruling by Judge Trauger in *Ramsbottom v. Ashton*, No. 3:21-cv-00272, 2021 U.S. Dist. LEXIS 119989, at *11-12 (M.D. Tenn. June 28, 2021):

> "The plaintiffs here do not challenge governmental activity; the litigation will not compel Jane Doe to disclose an intention to violate the law; and Jane Doe is not a minor. **These factors, therefore, weigh in favor of requiring Jane Doe to proceed under her real name**."
> The plaintiff attempts to argue that the first two of these factors "simply do not apply" in this case and, therefore, "will take no part in the court's analysis." (Doc. No. 40, at 13.) She is mistaken. **The fact that the answer to the questions raised by these factors is "no" does not mean that the factors are irrelevant.  Instead, they weigh against Jane Doe**. *Accord Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007) (where the plaintiff sued both a government entity (school district) and individuals, finding that this factor did not weigh in favor of anonymity, because the individual defendants had "valid concerns regarding the impact of this case on their individual reputations").

*Ramsbottom* at #11-12. (emphasis added)

**B.      Because Plaintiffs Are Adults, the Fourth *Porter* Factor Weighs Against Anonymity**

Plaintiffs devote only a short, unsupported paragraph to the fourth factor, arguing that anonymity is warranted because two Plaintiffs were minors when alleged "grooming" began.

That argument also fails for the same reasons stated in *Ramsbottom*, where Judge Trauger addressed this precise theory and rejected it.  There, the plaintiff argued that the fourth *Porter* factor weighed heavily in favor of anonymity because she was a minor when the events giving rise

3

to her claims occurred, even though she was an adult when she filed suit. *Id.* at \*12.  The court held that "[t]his factor, however, asks whether the **present litigant** is particularly vulnerable because of her age"—not whether she was younger at the time of the underlying events.  *Id.* at \*12 (emphasis added)(citing *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (holding that the district court did not abuse its discretion in denying the plaintiff's motion for a protective order, because, among the other factors, the plaintiff "was [not] a child when he filed this lawsuit," even though he was a minor when the events he complained of occurred); *Rose*, 240 F.R.D. at 268 (denying pseudonym status for the plaintiff, even though she was a minor at time of her involvement with a school sex club, because, among other factors, she was nineteen years old when she filed her complaint, such that "the concern that courts display for  children of a tender age and their vulnerable status does not currently apply to [plaintiff]").

On that basis, Judge Traugert held that because the plaintiff was "no longer a minor," the fourth factor "weighs in favor of denying such leave."  *Id.* at \*12.

Thus, before the Court even reaches Plaintiffs' "utmost intimacy" argument, three of the four *Porter* factors weigh against pseudonymity, leaving Plaintiffs to rely primarily on a single factor that *Ramsbottom* held is insufficient standing alone.

**C.**      **Plaintiffs' Cannot Obtain Blanket Anonymity by Relying on a Single *Porter* Factor.**

With the first, third, and fourth *Porter* factors weighing against pseudonymity, Plaintiffs are left to rely with essentially one real argument under the second *Porter* factor: this case involves "utmost intimacy" and this justifies proceeding under pseudonyms.  Page 4 of the Plaintiffs' motion relegates their justification to two sentences:  (1) forcing Plaintiffs to reveal their identities would add to the extreme emotional and psychological harm that they have endured and (2) public disclosure of these intimate details would cause severe humiliation.

But *Ramsbottom*—and the authorities on which it relies—foreclose any suggestion that this factor, standing alone, is enough. Judge Trauger recognized that allegations of sexual assault and trafficking are highly personal and may weigh in favor of anonymity, "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Ramsbottom,* at *13 (quoting *Doe v. McLellan*, No. CV 20-5997 (GRB) (AYS), 2020 U.S. Dist. LEXIS 232551, 2020 WL 7321377, at *1 (E.D.N.Y. Dec. 10, 2020)); *see also Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) (recognizing that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym" (collecting cases)); *Accord Doe v. Fedex Ground Package Sys.*, No. 3:21-cv-00395, 2021 U.S. Dist. LEXIS 209324, at *17 (M.D. Tenn. Oct. 29, 2021)(quoting *Ramsbottom*, 2021 U.S. Dist. LEXIS 119989, 2021 WL 2651188, at *4); *Accord Doe v. Lee*, No. 3:22-cv-00569, 2023 LX 43718, at *10 (M.D. Tenn. Mar. 21, 2023)(same)).

In sum, this single factor "is not sufficient, standing alone, to overcome the presumption in favor of the disclosure of litigants' true names […]." *Ramsbottom* at *14.

Accordingly, even assuming this factor favors Plaintiffs, it does not rescue their motion.

That conclusion was not made in a vacuum. Judge Trauger relied on cases holding that, although sexual-assault allegations are undeniably sensitive, "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity," and that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym."

Indeed, the facts of *Ramsbottom* make Plaintiffs' position here even weaker. The plaintiff there did not merely allege some generalized "grooming" theory that began when she first met the defendant and was followed by alleged adult affairs years later. She alleged that, at age seventeen,

5

she was "targeted, groomed and sexually exploited," coerced into sexual intercourse in exchange for money and other things of value, pressured to send sexually explicit photographs, and was asserting civil trafficking, child-pornography, and aggravated statutory rape-related claims.

Even on those far more acute facts—actual alleged child sexual abuse and trafficking contemporaneous with the plaintiff's minor status—Judge Trauger still held that the "utmost intimacy" factor alone could not justify pseudonymity.

Here, by contrast, Plaintiffs' memorandum asserts only that Jane Doe 1 was fifteen when she met Garner in 1999 and Jane Doe 3 was seventeen when she met him in 2008, while acknowledging that Plaintiffs are adults now and relying on an expansive theory of "grooming" followed by alleged exploitation over later years. If anonymity was not warranted in *Ramsbottom*, it is certainly not warranted here based on this factor alone.

**D.      Additional Factors Weigh Against Anonymity.**

**(1) Risk of Retaliation and Mental Harm is Insufficient.** Plaintiffs' next "additional factor" fares no better. Their claim of a "risk of retaliatory physical and mental harm" in Section II(A) of Doc. 7 is not supported by competent proof. Instead, Plaintiffs rely on the declaration of their own counsel, Heather Moore Collins, who asserts in conclusory fashion that her statements are "based upon my personal knowledge," but then proceeds to recount what her clients allegedly experienced, feared, and told her.

The declaration states, for example, that Plaintiffs "desire for their identities to remain anonymous," fear retaliation, allegedly suffered sexual abuse, and that Garner supposedly sent "one Plaintiff 21 messages and 10 calls within 25 minutes," began a smear campaign, ordered evidence destruction, and scripted false testimony.

6

Those assertions are not shown to be based on counsel's own firsthand perception. They are classic out-of-court statements offered for their truth and are therefore hearsay under Rules 801 and 802. To the extent counsel is relaying what one or more Jane Does told her about what Mr. Garner allegedly said or did, the submission is also likely hearsay within hearsay, barred by Rule 805 absent an exception for each level.

**Because the Collins Declaration contains nothing but inadmissible hearsay and rank speculation, it should be stricken from consideration by this Court.**

The problem is particularly acute here because the declaration does not attach the supposed text messages, call logs, or Signal communications it references. Nor does it identify which Jane Doe allegedly received the 21 messages and 10 calls, which Plaintiff was supposedly instructed to delete Signal, or which Plaintiff was allegedly "scripted" to give false testimony.

Plaintiffs' memorandum is the same. On page 5, Plaintiffs collectively assert that "one Plaintiff" received 21 messages and 10 calls in 25 minutes, that Garner told "community members" false stories, and that he ordered "one Plaintiff" to delete her Signal account and scripted false testimony, but they never identify which Plaintiff they mean and attach none of the underlying materials.

That is not competent evidentiary proof of retaliation; it is attorney narration of unattributed accusations.

To be sure, any actual statement of Mr. Garner, if properly presented through a witness with personal knowledge or through the underlying communications themselves, might raise different evidentiary questions. But that is not what Plaintiffs submitted. They submitted counsel's summary of what unnamed clients allegedly told her, and then asked the Court to treat that summary as proof of a concrete risk of retaliation. Rules 801, 802, and 805 do not permit that end-

7

run around admissible proof. And paragraphs 2 and 6 of the Collins declaration underscore the problem further, because those paragraphs are not facts at all but legal conclusions and policy argument—e.g., that "public policy favors" anonymity and that Plaintiffs' anonymities "are necessary and outweigh the standard presumption of public access."

The declaration also likely has privilege consequences for Plaintiffs. Counsel chose to place client communications at issue by submitting a sworn declaration recounting what her clients allegedly relayed to her in order to obtain strategic relief from the Court. To that extent, Plaintiffs have at least likely effected a waiver as to the subject matter of the communications embedded in the declaration. But even with that tactical disclosure, the submission still fails to establish what Plaintiffs need it to establish: a non-speculative evidentiary basis for concluding that public identification would expose them to retaliatory physical or mental harm.

*Ramsbottom* is again instructive. There, Judge Trauger emphasized that a plaintiff seeking pseudonymity could not carry the burden with conclusory assertions and speculation, and noted the significance of the absence of admissible evidentiary support, even though the Jane Doe in that case had submitted her own declaration. *Ramsbottom* at *21.

Judge Trauger was also presented with a declaration from Jane Doe's treating psychiatrist, who opined that disclosure of her true identity would be "counterintuitive" to her treatment. Despite that evidence, Judge Trauger ruled that the assertions of psychological harm were still "conclusory and largely speculative," and that plaintiffs alleging mental harm in this context must base their allegations on "more than just mere speculation" and must show some actual link between public disclosure of the plaintiff's name and the described risk. *Ramsbottom* at *19-20.

That same defects are present here. Plaintiffs have offered no declaration from any Jane Doe, no mental-health affidavit, no attached messages, no call logs, no screenshots, no statement

from any allegedly threatened family member or non-party, and no evidence distinguishing fear of litigation from fear supposedly caused by public identification. They offer only counsel's hearsay summary and attorney argument.

In fact, Plaintiffs' presentation underscores one of the very prejudices pseudonymity would inflict on Mr. Garner. Plaintiffs insist there is no prejudice because Defendants know their identities, yet when attempting to prove retaliation they speak only in collective terms or refer vaguely to "one Plaintiff," without identifying which Jane Doe allegedly received which communication or experienced which event.

Mr. Garner cannot meaningfully respond to those accusations, gather rebuttal evidence, identify witnesses, or place the alleged communications in context if Plaintiffs are permitted to proceed through interchangeable pseudonyms while making plaintiff-specific accusations untethered to any identified person. That is precisely the kind of practical prejudice *Ramsbottom* recognized when it explained that anonymity can hinder a defendant's ability to obtain witnesses and mount a full defense.

Accordingly, this "retaliation" factor does not support pseudonymity. The only proof offered is inadmissible hearsay layered upon hearsay, coupled with legal conclusions and speculation. Under *Ramsbottom*, that is not enough.

**(2) Public Interest Favors Disclosure and Open Access to Proceedings.** In Section II(B) of their motion, Plaintiffs invoke extra-jurisdictional authority for the proposition that there is a public interest in protecting the identities of sexual-assault complainants. But Judge Trauger addressed that precise contention in *Ramsbottom* and rejected the notion that such a generalized interest overcomes the presumption of open judicial proceedings:

> "Moreover, while it is true that the public generally has an interest in protecting those who make sexual assault allegations so that they are not deterred from vindicating their rights,

"it does not follow that the public has an interest in maintaining the anonymity of every person who alleges sexual assault or other misconduct of a highly personal nature." *Rapp,* 2021 U.S. Dist. LEXIS 84214, 2021 WL 1738349, at *8.

This factor weighs in favor of disclosure of the plaintiff's identity.

*Ramsbottom,* at *22-23.

This is because "[t]he public has a right to know who the parties are in almost every case before a federal district court as a matter of 'public confidence in and understanding of the judicial system.'" *Ramsbottom* at *22(quoting *Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 957 (E.D. Mich. 2018) (quoting *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 838 (6th Cir. 2017)).

"The public's legitimate interest in knowing litigants' identities is "magnified" when, as here, the plaintiff brings claims against a public figure." *Ramsbottom* at *22 (quoting *Rapp v. Fowler*, 537 SUPP. 3d 521, 2021 U.S. Dist. LEXIS 84214, 2021 WL 1738349, at *8 (S.D.N.Y. May 3, 2021); see also *Doe v. Weinstein*, 484 F. Supp. 3d 90, 2020 U.S. Dist. LEXIS 161497, 2020 WL 5261243, at *6 (S.D.N.Y. Sept. 3, 2020)).

**(3) Prejudice to Defendant's Right to Mount a Defense.** Plaintiffs assert, in conclusory fashion, that Defendants will suffer "no prejudice" because they already know Plaintiffs' identities and can use their real names in discovery under a protective order. Doc. 6 ¶¶ 10–11; Doc. 7 at 6–7. But *Ramsbottom* rejected that same reasoning. Applying persuasive authority, Judge Trauger explained that courts examining prejudice consider, among other things, "difficulties in conducting discovery," the "reputational damage to defendants," and the "fundamental fairness of proceeding anonymously." *Ramsbottom* at *14 (quoting *Rapp v. Fowler*, No. 20-CV-9586 (LAK), 2021 WL 1738349, at *6 (S.D.N.Y. May 3, 2021)). Those same concerns are present here and weigh against anonymity. As *Ramsbottom* held, allowing an accuser to proceed anonymously can "disadvantage"

the defendant "at all stages of litigation, including settlement, discovery, and trial," make it more difficult to obtain witnesses and witness testimony, provide less leverage in settlement negotiations, and hinder full cross-examination. *Id.* at \*7.

First, anonymity would materially impair Mr. Garner's ability to identify and locate witnesses. As courts have recognized, "concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006), quoted in *Ramsbottom*, 2021 WL 2651188, at \*6; see also *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596–97 (1980) (Brennan, J., concurring) ("Public trials come to the attention of key witnesses unknown to the parties"); *Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at \*3 (E.D.N.Y. Oct. 14, 2020) (anonymity may hamper witnesses from coming forward "of their own volition to either bolster or refute a plaintiff's allegations"). That concern is especially concrete here. Plaintiffs themselves plead and argue in collective, interchangeable terms—referring to "one Plaintiff" receiving 21 messages and 10 calls, "one Plaintiff" being told to delete a Signal account, and unspecified Plaintiffs allegedly being subject to smear efforts and scripted false testimony—without identifying which Jane Doe is tied to which accusation. Doc. 7 at 5; Doc. 6-1 ¶ 5. Mr. Garner cannot meaningfully investigate, identify rebuttal witnesses, or gather contextual evidence if Plaintiffs are permitted to level plaintiff-specific accusations while withholding the identity of the accuser from the public and from potential nonparty witnesses.

Second, the prejudice from reputational harm is substantial and one-sided. Plaintiffs have publicly accused Mr. Garner—by name—of rape, sexual assault, drugging, sex trafficking, forced labor, and coercive sexual conduct, while simultaneously seeking to shield their own identities

from public scrutiny. Doc. 7 at 1–2. *Ramsbottom* recognized that this is a significant prejudice factor, because "[i]nformation and allegations that are highly sensitive and of a personal nature can flow both ways." 2021 WL 2651188, at *7 (quoting *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019)). And as *Rapp* observed, where a defendant has already suffered reputational damage from the nature of the allegations, that harm becomes "harder to mitigate" if the plaintiff is allowed to remain anonymous. *Rapp*, 2021 WL 1738349, at *7. That logic applies with particular force here, where the accusations are grave, credibility-driven, and directed at a named pastor, employer, and community figure

Third, fundamental fairness weighs strongly against allowing Plaintiffs to accuse Mr. Garner publicly while proceeding "from behind a cloak of anonymity." *Rapp*, 2021 WL 1738349, at *7; see *Ramsbottom*, 2021 WL 2651188, at *7. As those courts recognized, when a plaintiff makes serious charges that place credibility squarely at issue, "[f]airness requires that [she] be prepared to stand behind [her] charges publicly." *Rapp*, 2021 WL 1738349, at *7. That principle is especially important here because Plaintiffs seek more than mere redaction of sensitive exhibits. They ask the Court to bar disclosure of their true names and "other information that identifies them or their family members, directly or indirectly." Doc. 6 at 3; Doc. 7 at 7–8. Such sweeping relief would not merely preserve privacy; it would distort the ordinary adversarial balance by forcing Mr. Garner to defend himself in public against anonymous accusers whose identities could not trigger the ordinary process by which additional witnesses, impeachment evidence, and community knowledge come to light.

Accordingly, as in *Ramsbottom*, this factor weighs in favor of Defendants and against anonymity. Plaintiffs' assertion that there is "no prejudice" because Defendants already know their names misunderstands the relevant inquiry. The prejudice is not limited to whether Mr. Garner can

identify the plaintiffs in discovery. It includes the loss of unknown witnesses, the asymmetry of public reputational harm, the impairment of settlement and trial posture, and the basic unfairness of requiring a named defendant to answer grave public accusations lodged by anonymous accusers. See *Ramsbottom*, 2021 WL 2651188, at *6–7; *Del Rio*, 241 F.R.D. at 159; *Rapp*, 2021 WL 1738349, at *6–7; *Skyline Automobiles*, 375 F. Supp. 3d at 407.

**(4) Plaintiffs' Post-Filing Conduct Shows That Their Request for Anonymity Is a Litigation Weapon, Not a Privacy Necessity.** Plaintiffs ask the Court to keep their identities hidden on the ground that publicity will cause humiliation, distress, and retaliation. But that position is irreconcilable with conduct that helped push the Complaint and its allegations into the public sphere after Mr. Garner moved to seal it, as stated in Mr. Garner's Reply to his Emergency Motion to Seal. [Doc. 19].

Pseudonymity is an extraordinary remedy, not a tactical option. See *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004). A party cannot credibly claim that secrecy is essential while simultaneously participating in, encouraging, or benefiting from strategic dissemination of the same allegations. See *D.E. v. Doe*, 834 F.3d 723 (6th Cir. 2016).

What Plaintiffs seek is not privacy. It is a sword-and-shield advantage: anonymity for the accusers, maximum exposure for the accused. They want the allegations public, the reputational harm done, and the community pressure intensified, while their own identities remain concealed. The Court should not reward litigants for manufacturing or amplifying the very publicity and hostility they then cite as justification for pseudonymity. That is not confidentiality. It is strategic asymmetry.

That asymmetry is deeply prejudicial to Mr. Garner. Anonymous plaintiffs have leveled incendiary allegations, ensured those allegations circulate beyond the courthouse, and left Mr.

Garner to absorb the full public and reputational impact without the ordinary fairness of open accusation. As stated in Mr. Garner's Emergency Motion to Seal the Complaint, Plaintiffs' lawsuit was already being circulated within the church/school community before any formal service was complete and that, hours after the emergency motion to seal, the Complaint was published online in full. On this record, Plaintiffs' post-filing conduct does not support anonymity; it defeats it.

## CONCLUSION

Plaintiffs ask this Court to depart from the ordinary rule of open judicial proceedings, but they have not carried the burden required for that extraordinary relief. They effectively concede that the first and third *Porter* factors do not support anonymity. Their reliance on the fourth factor fails because the relevant question is whether Plaintiffs are children now, not whether two of them were minors when some alleged "grooming" supposedly began. And even assuming the second factor favors them, *Ramsbottom* makes clear that allegations of sexual assault or trafficking, standing alone, do not justify pseudonymity.

The additional considerations Plaintiffs invoke only confirm that their motion should be denied. Their claimed fear of retaliation rests not on competent evidence, but on attorney hearsay, likely hearsay within hearsay, and unsupported references to supposed messages and threats that were never attached. Their own post-filing conduct likewise undercuts any claim that anonymity is truly necessary to preserve confidentiality. Plaintiffs cannot credibly tell the Court that publicity itself is the harm while the allegations are being driven into the public sphere in a manner that maximizes pressure on Mr. Garner and renders sealing futile.

What Plaintiffs seek is not a narrow protection from exceptional harm. It is a one-sided litigation advantage: anonymity for the accusers, full public exposure for the accused. The Federal Rules and the case law do not permit pseudonymity to be used that way. Open courts are not a

14

forum for anonymous parties to launch grave public accusations while depriving the defendant of the ordinary fairness, transparency, and balance that our system requires.

Plaintiffs chose the public forum of a federal court to make grave accusations against a named defendant. Having done so, they are not entitled to hide behind pseudonyms while the allegations spread and Mr. Garner bears the public consequences alone. The Court should deny the motion and require Plaintiffs to proceed as every other civil litigant must: openly, fairly, and in their own names.

Respectfully submitted,

/s/ Bryant Kroll
Bryant Kroll (#33394)
The Law Office of Bryant Kroll
P.O. Box 219,
Pegram, TN 37143
Bryant@BryantKroll.com
Office: (615) 994-1837

/s/ James W. Cobb
James W. Cobb (#033248)
Cobb Law Group
131 Walton Ferry Road
Suite 11
Hendersonville, TN 37075
James@CobbLawTn.com
Office: (615) 649-0049

Attorneys for Defendant Gregg Garner

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following via this Court's electronic CM/ECF filing system:

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard
No. 413
Oakland, CA 94602
*Attorney for Plaintiffs*

Heather M. Collins
HMC Civil Rights Law, PLLC
302 Peachtree Street
Nashville, TN 37210
*Attorney for Plaintiffs*

This 10th Day of March, 2026

/s/ Bryant Kroll
Bryant Kroll (#33394)