IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANE DOE 1, JANE DOE 2, and JANE DOE 3, )
)
    Plaintiffs, )
)
    v. )
)
GREGG GARNER, an individual, )
)
GLOBAL OUTREACH DEVELOPMENTS )    **Case #: 3:26-cv-00231**
INTERNATIONAL (G.O.D), a nonprofit )    **Jury Demand (12)**
corporation, )
)    **Judge Crenshaw**
INSTITUTE FOR G.O.D. INTERNATIONAL, )
a nonprofit corporation, )    **Magistrate Judge Frensley**
)
THE CHURCH COMMUNITY FOR G.O.D., )
a nonprofit corporation, )
)
and DOES 5-20, inclusive, )
)
    Defendants. )

---

**GLOBAL OUTREACH DEVELOPMENTS INTERNATIONAL, INSTITUTE FOR
G.O.D. INTERNATIONAL AND THE CHURCH COMMUNITY FOR G.O.D.'S
RULE 12(b)(6) MOTION TO DISMISS AND MEMORANDUM OF LAW**

---

The true litmus test for any complaint filed in federal court is to strip away conclusory

allegations, "group pleading," and mere formulaic recitations of a cause of action's legal elements

to see if what remains *plausibly*—not *possibly*—entitles a plaintiff to relief. When applied to the

Complaint in this case, Plaintiffs fail that test.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Global Outreach Developments

International, Institute for G.O.D. International, and The Church Community for G.O.D.

(collectively, "Global Outreach Defendants") move to dismiss all of Plaintiffs' claims against them

because Plaintiffs have failed to state a claim upon which relief may be granted. Plaintiffs' claims

1

against Global Outreach Defendants violate the well-established pleading requirements supplied by *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Complaint relies on conclusory allegations, "group pleading," and/or allegations which cannot support any valid cause of action against Global Outreach Defendants. As a result, all of Plaintiffs' claims against Global Defendants should be dismissed.

Global Outreach Defendants submit this memorandum of law in support of their motion.

## **FACTS**

Plaintiffs filed their Complaint on February 27, 2026. Global Outreach Defendants are three non-profit corporations. Defendant Gregg Garner is a separate individual Defendant. While the Complaint's "FACTUAL BACKGROUND" section devotes nearly two hundred paragraphs (¶¶ 17 – 189) outlining Defendant Garner's alleged actions, Plaintiffs do <u>not</u> allege specific, non-conclusory facts to plausibly support the causes of action asserted against Global Outreach Defendants. While the Complaint manages to recite the legal elements of a variety of causes of action against Global Outreach Defendants, it is devoid of specific facts that create a plausible right to any of the requested relief.

Similarly, the Complaint alleges that all Defendants acted as "agents," "contributors," "co-conspirators," and "alter egos," without alleging specific facts to support those vicarious liability labels (Complaint at ¶¶ 13 – 15). The Complaint also asserts that Global Outreach Defendants are vicariously liable for Defendant Garner's alleged intentional acts, including creating a sexually hostile work environment, sexual harassment, sexual assault, assault, and battery, claiming that such acts were somehow committed within the scope of his employment, contrary to Tennessee law. (Complaint at ¶¶ 215, 226 – 228).

2

As detailed in the argument that follows, the Complaint fails to state a claim against Global Outreach Defendants upon which relief may be granted, based on the standards provided by *Twombly* and *Iqbal*.

## LAW AND ARGUMENT

### A.  Standard of Review

Federal Rule of Civil Procedure 8(a) requires a complaint to include more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). When deciding a Rule 12(b)(6) motion to dismiss, the Court must treat all of the well-pleaded allegations as true and construe all allegations in the light most favorable to the non-movants. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). Under both *Twombly* and *Iqbal*, Rule 8(a) requires a plaintiff to allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Moreover, allegations that are merely consistent with a defendant's liability do not satisfy the claimant's pleading burden, as mere consistency only establishes the possibility of relief, not the plausibility of entitlement to relief. *Id.*

3

**B.     The Complaint is devoid of non-conclusory factual allegations establishing the plausibility of Plaintiffs' Claims Against Global Outreach Defendants.**

While the Complaint asserts causes of action against all Defendants, including Global Outreach Defendants, Plaintiffs fail to plausibly support those causes of action against Global Outreach Defendants with specific, non-conclusory factual allegations. The Complaint is replete with the following types of vague, conclusory statements—not specific factual allegations—about Global Outreach Defendants' alleged actions:

- *"Defendants conspired to participate in, and participated in, [a sex and labor trafficking venture] to commit sex trafficking, peonage, forced labor, and human trafficking offenses . . ."* (Complaint at pg. 2)

- *"Defendants exerted comprehensive power over Plaintiffs, took their money, made it financially and psychologically difficult, and in some cases impossible, to leave the coercive sexual and psychological abuse of Garner and systemically abused Plaintiffs physically, sexually, emotionally, and economically."* (Complaint at pg. 2)

- *"In pursuit of both the conspiracy and the Venture, Defendants engaged in a variety of wrongdoing, some tortious and some criminal."* (Complaint at pg. 3)

- *"Plaintiffs' claims arise out of their involvement with a network of religious and business organizations based in Nashville, Tennessee and founded, operated, and controlled by Defendant Garner."* (Complaint at ¶ 16)

- *"At all times material hereto, Plaintiffs have been and are continuously harmed by Garner and the [Global Outreach Defendants]."* (Complaint at ¶ 190)

Specifically, each of the causes of action asserted by Plaintiffs are devoid of the types of plausible factual allegations required by *Twombly* and *Iqbal*, and each should be dismissed:

1.     <u>Count I — Sex Trafficking (18 U.S.C. §§ 1591, 1594, 1595)(Complaint at ¶¶ 192 – 203)</u>

As pleaded, Plaintiffs' perpetrator theory under § 1591 is not applicable to Global Outreach Defendants. The operative acts of recruitment/enticement/force are all attributed to Defendant Garner, individually, not Global Outreach Defendants. There are no well-pleaded facts supporting

3552454.1

that each of the Global Outreach entities perpetrated § 1591 violations through their own acts. Similarly, Plaintiff's attempt/conspiracy theory under § 1594 is not supported by sufficient entity specific facts. Plaintiff does not allege any facts of an agreement or overt acts by each of the Global Outreach entities in furtherance of § 1591 violations. As with the other allegations against Global Outreach Defendants, Plaintiffs' "group labels" are simply insufficient. Plaintiffs also fail to plausibly plead a beneficiary/venture theory under § 1595 as to Global Outreach Defendants.

    2.    <u>Count II — Forced Labor (18 U.S.C. §§ 1589, 1594, 1595)(Complaint at ¶¶ 204 – 211)</u>

Plaintiffs' beneficiary/venture theory (§§ 1589(b) and 1595) are not supported by facts showing each of the Global Outreach entities "participated" in a venture that obtained labor by prohibited means. There is no well-pleaded allegation that each entity obtained a "knowing benefit" from such a venture. Likewise, Plaintiffs plead in only a conclusory, hollow fashion that Global Outreach Defendants possessed knowledge of receiving such a benefit and acted in a manner that was "intentional, fraudulent, willful, wanton, reckless, malicious, fraudulent, oppressive, extreme, and outrageous," displaying "an entire want of care and a conscious and depraved indifference to the consequences of their conduct."

    3.    <u>Count IV[1] – THRA Sexual Harassment (Complaint at ¶¶ 212 - 218)</u>

The Complaint vaguely asserts that Plaintiffs were "employed by one or more of the [Global Outreach Defendants]," but does not specify which entity employed which Plaintiff; when each Plaintiff was employed; or who controlled the terms and conditions of employment. In keeping with the spirit of the other allegations, the Complaint also vaguely relies on collective labels and presumed imputation in an attempt to support that Global Outreach Defendants are vicariously liable for Defendant Garner's conduct. Plaintiffs fail to plead knowledge or a tangible

---

[1] The Complaint appears to have inadvertently omitted a "Count III."

5

employment action by any of the entities at issue, instead pleading in a conclusory fashion that Global Outreach Defendants "knew or should have known" of Defendant Garner's conduct, without alleging any facts of reports, notice channels, or actions/inactions by any specific entity decision-makers.

4.  Count V – THRA Retaliation ()(Complaint at ¶¶ 219 – 224)

The Complaint again merely asserts that Plaintiffs were "employed by one or more of the [Global Outreach Defendants]," but does not specify which entity employed which Plaintiff; when each Plaintiff was employed; or who controlled the terms and conditions of employment. Plaintiffs also fail to plead that any Global Outreach entity—as opposed to individual Defendant Garner— committed an adverse employment action as a result of Plaintiffs engaging in a protected activity. The Complaint also fails to specifically allege a causal connection between a protected activity and any adverse employment action by Global Outreach Defendants, as compared to Defendant Garner.

5.  Count VI – Assault and Battery (Complaint at ¶¶ 225 – 229)

Plaintiff fails to allege any specific conduct by Global Outreach Defendants, instead implausibly asserting that Global Outreach Defendants are vicariously liable for Defendant Garner's intentional actions. Plaintiff concurrently alleges that "Defendant Garner intentionally assaulted and committed battery against Plaintiffs" yet somehow also managed to do so "within the scope of employment and within the work-related limits of time and place." Plaintiff fails to allege any facts establishing any of the Global Outreach entities authorized Defendant Garner's alleged actions; that the actions furthered any purpose of any Global Outreach entity; or that any identified entity decision-maker ratified alleged conduct. The Complaint merely presents bare conclusions that Defendant Garner's conduct was within the scope of employment and work-

related times/places. Similarly, although the Complaint also vaguely alleges that "the unlawful conduct herein was committed under actual or apparent authority granted by Defendants," the Complaint fails to plead facts plausibly showing that Defendant Garner acted with Global Outreach Defendants' actual or apparent authority (Complaint at ¶ 14). A plaintiff alleging an employee acted with apparent authority must show that an employer "held the [employee] out to third parties as possessing sufficient authority to commit the particular act in question, and there was reliance upon the apparent authority." *Rositano v. Freightwise, LLC*, 2021 WL 1174589 at *5 (M.D. Tenn., March 26, 2021)(citing *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998)(citing Restatement (Second) Agency § 8); *see also Martin v. Cavalier Hotel Corp.,* 48 F.3d 1343, 1352 (4th Cir. 1995). Here, Plaintiffs have not alleged any facts plausibly showing that Global Outreach Defendants held out Defendant Garner as having authority to commit the specific actions alleged in the Complaint.

Putting aside the lack of sufficiently pleaded facts to support these allegations, Tennessee law recognizes that "it strains credulity" to conclude that sexual assault can be perpetrated within the scope of employment. *Jackson v. Burrell*, 2019 WL 237347 at **4 – 5, *rev'd on other grounds by* 602 S.W.3d 340 (Tenn. 2020)("[W]e hold that it strains credulity to view a massage therapist's act of sexual assault to be within the scope of employment."); *see also Werner v. Young*, 2021 WL 397392 at **15 – 16 (E.D. Tenn., Feb. 4, 2021)(dismissing a claim for vicarious liability because "[t]he sexual abuse allegedly committed by Defendant Bryce Young is markedly and decidedly outside the scope of the Academy's business."). The same argument necessarily applies to any suggestion that an employer could ever grant an employee the apparent authority to commit an assault, battery, or sexual assault, which also "strains credulity."

7

6. <u>Count VII – Intentional Infliction of Emotional Distress (Complaint at ¶¶ 230 – 233)</u>

Plaintiff does not sufficiently plead that Global Outreach Defendants themselves engaged in extreme and outrageous conduct. Instead, Plaintiff impermissibly relies on "group pleading" to generally allege that "All Defendants" engaged in such conduct, again relying on blind, unsupported imputation. Plaintiff fails to allege any entity-specific facts establishing any extreme and outrageous conduct by Global Outreach Defendants.

7. <u>Count VIII – Negligent Infliction of Emotional Distress (Complaint at ¶¶ 234 - 237</u>

Plaintiff merely repackages the same imputed sexual harassment and assault narrative as to Global Outreach Defendants without alleging that each entity owed Plaintiffs a duty; engaged in any specific acts that breached any such duty; or caused a severe emotional injury. Plaintiffs again fail to identify any acts of sexual harassment or assault perpetrated by Global Outreach Defendants, as compared to individual Defendant Garner.

8. <u>Count IX – Negligent Hiring/Retention/Supervision (Complaint at ¶¶ 238 - 243</u>

Plaintiffs generically plead that Global Outreach Defendants "knew or should have known" about Defendant Garner's alleged conduct, without alleging any facts establishing what each entity knew, when they knew it, how they knew it, or what reasonable steps were available to Global Outreach Defendants yet were omitted. The Complaint fails to plead facts establishing any time or actor specific knowledge. Yet again, causation is pleaded in an entirely conclusory fashion.

9. <u>Count X – Negligence (Complaint at ¶¶ 244 – 255)</u>

As before, Plaintiffs again fail to plead Global Outreach Defendants' entity specific duties or breaches of any such duties. Instead, the Complaint relies on abstract "failures" (i.e., failing to implement adequate policies, procedures, and safeguards; allowing Garner to disregard and misuse

8

"corporate formalities," etc.) that are untethered to any recognized duties owed by each of the Global Outreach entities to each Plaintiff. While the Complaint arguably asserts a theoretical critique of Global Outreach Defendants' policies and overall structure, it fails to allege a concrete breach of any duty that is causally connected to any injuries or damages. More specifically, Plaintiffs fail to plausibly identify—as required by *Twombly* and *Iqbal*—any specific conduct by Global Outreach Defendants that proximately caused Plaintiffs to suffer any harm.

## CONCLUSION

None of Plaintiffs' various causes of action asserted against Global Outreach Defendants are supported by facts that would plausibly entitle Plaintiffs to relief against them. Plaintiffs' impermissible group pleading is rife with conclusory allegations, lacks substance as to Global Outreach Defendants, and fails to satisfy the standards adopted in *Twombly* and *Iqbal*. Those deficiently pleaded allegations include Plaintiffs' attempt to hold Global Outreach Defendants vicariously liable for Defendant Garner's alleged actions, notwithstanding that Tennessee law does not extend vicarious liability for alleged sexual assault under these circumstances.

For all these reasons, Global Outreach Defendants request the Court to grant their motion and dismiss all Plaintiffs' causes of action asserted them with prejudice.

9

Respectfully submitted,

**Taylor, Pigue, Marchetti & Blair, PLLC**

By:    <u>s/L. Gino Marchetti, Jr.</u>
       L. Gino Marchetti, Jr., #005562
       Charles Michels, #031232
       2908 Poston Avenue
       Nashville, Tennessee 37203
       (615) 320-3225
       gmarchetti@tpmblaw.com
       cmichels@tpmblaw.com

**STARNES DAVIS FLORIE LLP**

By:    <u>s/Alan S. Bean</u>
       Alan S. Bean, #026194
       K. Nicole Poole, #038552
       3000 Meridian Blvd., Suite 350
       Franklin, TN 37067-6673
       Phone: (615) 905-7200
       Fax: (615) 807-4802
       abean@starneslaw.com
       npoole@starneslaw.com

*Attorneys for Defendants Global Outreach Developments International, Institute for G.O.D. International, and the Church Community for G.O.D*

10

# <u>CERTIFICATE OF SERVICE</u>

I certify that on March 30, 2026, a true and correct copy of the foregoing document was sent via the Court's electronic filing system to the following:

Heather Moore Collins (# 026099)
Ashley Shoemaker (#037651)
MC Civil Rights Law, PLLC
302 Peachtree St.
Nashville, TN 37210
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

and

Advocates for Survivors of Abuse PC
Vanessa Baehr-Jones CABN (#281715)
(*Pro Hac Vice* Forthcoming)
Baehr-Jones Law PC
4200 Park Boulevard No.
413 Oakland, CA 94602
(510) 500-9634
vanessa@advocatesforsurvivors.com

*Attorneys for Plaintiff*

James W. Cobb (#033248)
Cobb Law Group
131 Walton Ferry Road, Suite 11
Hendersonville, TN 37075
Office: (615) 649-0049
James@CobbLawTn.com

and

Bryant Kroll (#33394)
The Law Office of Bryant Kroll
P.O. Box 219,
Pegram, TN 37143
Office: (615) 994-1837
Bryant@BryantKroll.com

*Attorneys for Defendant Gregg Garner*

s/Alan S. Bean
Alan S. Bean, #026194

11