**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE**

| | | |
|---|---|---|
| **JANE DOE 1, JANE DOE 2, and JANE DOE 3**<br>**Plaintiffs,**<br><br>**v.**<br><br>**GREGG GARNER, an individual, GLOBAL OUTREACH DEVELOPMENTS INTERNATIONAL (G.O.D), a nonprofit corporation, INSTITUTE FOR G.O.D. INTERNATIONAL, a nonprofit corporation, THE CHURCH COMMUNITY FOR G.O.D., a nonprofit corporation, and DOES 5-20, inclusive,**<br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:26-cv-00231**<br><br>**Judge Crenshaw**<br><br>**Magistrate Judge Frensley** |

---

**DEFENDANT GREGG GARNER'S REPLY**

---

Defendant Gregg Garner submits this Reply in support of his Motion to Dismiss.

Plaintiffs' Opposition does not cure the defects identified in the Motion. It accuses Garner of "mischaracterizing" the allegations and cites broad authorities about coercion, but Rule 12(b)(6) requires more than theme and rhetoric. The question is whether the Complaint pleads the elements of the claims actually asserted. It does not.

Most notably, Plaintiffs still do not plead either statutory coercion or a "commercial sex act" under 18 U.S.C. § 1591, nor do they plead forced labor under § 1589. They also concede that the THRA claims against Garner individually should be dismissed. The remaining state-law counts suffer from the same pleading and timeliness defects addressed in the Motion.

## I. Count I Fails Because Plaintiffs Do Not Plead Either Statutory Coercion or a Commercial Sex Act Under § 1591.

### A. Plaintiffs Do Not Plead Statutory Coercion.

For adult-victim claims, § 1591 does not reach generalized dominance, unhealthy dependency, or hindsight descriptions of feeling unable to refuse. It reaches sex acts caused by force, threats of force, fraud, or "coercion," and "coercion" is specifically limited to threats of serious harm or physical restraint, a scheme intended to cause belief that failure to perform an act would result in serious harm or physical restraint, or abuse or threatened abuse of law or legal process. 18 U.S.C. § 1591(a), (e)(2).

Plaintiffs themselves narrow the issue. They disclaim any theory based on minor-status trafficking or abuse of legal process, calling those points "red herrings." Instead, they say Count I rests on a "scheme, plan, or pattern" arising from Garner's alleged long-term control over employment, housing, schooling, reputation, and community standing. But the same problem remains: the Opposition does not identify factual allegations showing threats of serious harm, threatened physical restraint, or a concrete scheme intended to make Plaintiffs believe refusal of a particular sex act would result in statutorily defined serious harm. What it describes is a broad atmosphere of dependency, grooming, indoctrination, and subjective fear. That is not the same as pleading one of the specific coercive mechanisms listed in § 1591(e)(2).

Ramsbottom underscores the point. There, the court held that allegations of "grooming," psychological influence, and a plaintiff's feeling that her "whole world was crashing down" did not satisfy § 1591's definition of coercion absent force, threats of force, or statutory coercion causing a commercial sex act. Plaintiffs try to distinguish Ramsbottom factually, but that misses the point. Whether the alleged dynamic is framed as celebrity influence or religious control, the

statutory question is the same: do the pleaded facts fit force, threats of force, fraud, or coercion as Congress defined those terms. Plaintiffs still do not identify that bridge here.

Section 1591 does not federalize every alleged exploitative relationship, it reaches only sex acts caused by the specific forms of force, fraud, or coercion set out in the statute.

**B. Plaintiffs Still Do Not Plead "Commercial Sex Acts."**

The Opposition also never answers the central defect in Count I. A "commercial sex act" is "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). Plaintiffs respond by citing cases recognizing that "anything of value" can be broad. But breadth is not the issue. Causation and factual specificity are.

Even under Plaintiffs' own authorities, there must be a causal connection between a particular sex act and a thing of value allegedly given or received on account of that act. See *United States v. Raniere*, 55 F.4th 354, 365 (2d Cir. 2022). The Complaint does not do that work. Plaintiffs still do not identify, plaintiff by plaintiff and act by act, what thing of value was allegedly given, by whom, to whom, and on account of which particular sex act.

Instead, the Opposition repeats generalized themes such as "improved status," "improved employment conditions," "continued employment," "avoidance of retaliation," and access to a company credit card. But those are precisely the sort of generalized benefits and changed conditions identified in the Motion as insufficient. Nor does it help to say benefits were offered "in the context of" sex acts or "before or immediately after" them. Context is not causation. Proximity is not exchange. At most, Plaintiffs allege that their overall situations improved after sexual conduct began, or that Garner became less volatile. That is not a pleaded commercial sex act under the statute.

## II. Plaintiffs Still Do Not Plead Forced Labor.

The Opposition likewise fails to answer the core defect in Count II. Count II does not fail because Garner disagrees with the facts. It fails because the facts pleaded do not match the means prohibited by § 1589. Section 1589 reaches only labor or services compelled by force, threatened force, physical restraint, threatened physical restraint, abuse of law or legal process, or a qualifying threat or scheme of serious harm. Plaintiffs rely almost entirely on a generalized "serious harm" theory, but they still do not identify facts showing labor or services actually obtained by those prohibited means.

The labor allegations remain what the Motion identified them to be: a mix of volunteer work, underpayment allegations, housing and employment entanglement, and personal or spiritual pressure. Plaintiffs cite no allegation that Garner forced a Plaintiff to continue working by physical restraint, threatened physical restraint, or abuse of legal process. Nor do they identify a concrete threat tied to a specific refusal to perform labor. Instead, they rely on the same broad atmosphere of dependence and control urged under Count I. But fear of ostracism is not itself statutory coercion, and even if repackaged as psychological harm, it is still insufficient unless it rises to the level of "serious harm" the statute requires. Section 1589 does not reach ordinary social, relational, reputational, or workplace pressure simply because labor occurred in the same setting.

That limiting construction matters. It preserves the statute's anti-servitude function and prevents § 1589 from expanding into a general federal remedy for unhealthy, coercive, or manipulative relationships traditionally governed by state law. See *United States v. Toviave*, 761 F.3d 623 (6th Cir. 2014). Plaintiffs still have not pleaded the statutory bridge from the background they describe to forced labor as Congress defined it.

## III. Plaintiffs' State-Law Response Leaves the Same Defects in Place.

Plaintiffs concede that Counts IV and V, the THRA claims, should be dismissed as to Garner individually.In Count VI, Plaintiffs shift from an omnibus theory to selected episodes of alleged touching. That proves the point. The Motion does not deny that the Complaint includes factual allegations of contact. It argues that Count VI, as pleaded, sweeps far more broadly and attempts to convert years of relationships, entanglements, and later reinterpretation into one undifferentiated assault-and-battery count. Plaintiffs do not answer that overbreadth problem.

The Opposition's discovery-rule discussion also does not resolve the limitations issue on the face of the Complaint. Plaintiffs' cited cases involve delayed discovery of the source of an injury or institutional causation. Here, by contrast, the Complaint alleges contemporaneous awareness of the underlying acts themselves. Plaintiffs do not allege that they later discovered what happened physically. Rather, they allege that they later came to identify or characterize the conduct differently after learning of other women. Tennessee's discovery rule does not wait for a plaintiff to adopt a new legal characterization of known facts.

Finally, the Opposition does not materially cure Counts VII, VIII, and X. It largely lists elements and string-cites complaint paragraphs. But that does not answer the Motion's point that the NIED and negligence counts simply repackage intentional conduct as negligence, and that the Complaint does not plead a distinct negligence theory separate from the alleged intentional acts. Mere volume does not satisfy *Twombly* and *Iqbal*.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the Motion, Defendant Gregg Garner respectfully requests that the Court dismiss all federal and state-law claims for the reasons set forth in the Motion.

Respectfully submitted,

_/s/ Bryant Kroll_
Bryant Kroll (#33394)
The Law Office of Bryant Kroll
P.O. Box 219
Pegram, TN 37143
Bryant@BryantKroll.com
Office: (615) 994-1837

_/s/ James W. Cobb_
James W. Cobb (#033248)
Cobb Law Group
131 Walton Ferry Road
Suite 11
Hendersonville, TN 37075
James@CobbLawTn.com
Office: (615) 649-0049

*Attorneys for Defendant Gregg Garner*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served upon the following via this Court's electronic CM/ECF filing system:

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard
No. 413
Oakland, CA 94602
*Attorney for Plaintiffs*

Heather M. Collins
HMC Civil Rights Law, PLLC
302 Peachtree Street
Nashville, TN 37210
*Attorney for Plaintiffs*

This 21st Day of April, 2026

_/s/ Bryant Kroll_
Bryant Kroll (#33394)